IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| BENNIE DAVID GUY, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. 5:09cv00109-WRW-JWC |
| § | |
| LARRY NORRIS, Director § | |
| Arkansas Department of Correction; § | |
| GREG ABBOTT, § | |
| Attorney General of Texas, § | |
| Respondent. § | |

### RESPONDENT ABBOTT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, MOTION TO TRANSFER AND MOTION FOR SPECIAL APPEARANCE PRO HAC VICE

Petitioner Bennie David Guy challenges his presumptively valid Texas conviction for sexual assault. This Court, however, lacks personal jurisdiction over Respondent, Greg Abbott, and as such, Respondent now files his Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Transfer and Motion for Special Appearance Pro Hac Vice.

I.  **The Petition Should Be Dismissed as this Court Lacks Personal Jurisdiction over Respondent Abbott.**

Guy challenges only his future custody, if any, through a collateral attack on his underlying Texas conviction. Fed. Writ Pet. 6-10; Docket entry 11, at 2 ("Guy unquestionably seeks habeas corpus relief from the actions of Texas and its court system."). He does not challenge the effect of any detainers lodged against him pertinent to his present incarceration. Guy's conviction challenge, however, has been filed in a court that lacks personal jurisdiction over the respondent. Accordingly, this petition should be dismissed.

In a case similar to the present, the Court of Appeals for the Fourth Circuit addressed whether a petitioner confined in North Carolina, and filing in the same, could challenge the lawfulness of pending charges—as opposed to the *effect* of such charges on his then-present confinement—in Louisiana and Georgia. *Norris v. Georgia*, 522 F.2d 1006, 1012 (4th Cir. 1975). The court, in a thorough analysis, concluded that while the district court had subject matter and personal jurisdiction over the North Carolina respondent, it lacked personal jurisdiction over the out-of-state attorneys general. *Id.*

The *Norris* court noted that *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973), allowed an Alabama prisoner to file a federal petition in a Kentucky court despite his lack of physical presence. *Norris*, 522 F.2d at 1010-11. *Norris,* however, aptly noted that personal jurisdiction was not at issue in *Braden*. *Id.* at 1011. The Supreme Court noted in *Braden* that the Kentucky "respondent was properly served" within the Western District of Kentucky. *Id.* (quoting *Braden*, 410 U.S. at 500). Thus, while *Braden* addressed the "in custody" jurisdictional requirement, it did not hold that the agency fiction used to create concurrent subject matter jurisdiction could also support by proxy personal jurisdiction. *Id.*

Distinguishing *Braden*, *Norris* held that "[t]he mere fact that the District Court of North Carolina had both subject matter and In personam jurisdiction to adjudicate the impact of a detainer on a prisoner's status in North Carolina did not justify it in attempting to exercise In personam jurisdiction to pass on the right and power of the States of Georgia and Louisiana to try the petitioner for offenses committed in those States." *Id.* *Norris* supported the disparate

treatment of cases challenging the *effect* of a detainer and those attacking the underlying conviction by citing *Nelson v. George*, 399 U.S. 24, 230 (1970).

In *Nelson*, the Supreme Court affirmed a Ninth Circuit decision "to the extent it finds jurisdiction in the District Court to consider respondent's claims with respect to the impact of the detainer if respondent elects to press those claims." 399 U.S. at 224. *Norris* held that the sub silentio rejection of the Ninth Circuit's broad finding of jurisdiction through an agency fiction was improper. 522 F.2d at 1012. The distinction is present in this case. Guy challenges the validity of his conviction, not the effect of present detainers.

The distinction between challenging the effect of a detainer and an outright conviction challenge has been recognized in this circuit along with its limiting effect on a court's habeas jurisdiction. *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974). In *Wingo*, the Eighth Circuit held:

> The issue and the relief granted in the instant proceeding have properly been limited to elimination of the alleged punitive consequences which abide with his day-to-day federal imprisonment as a result of the detainers lodged against him which are based on state criminal charges lying dormant pending his release.
> 
> . . .
> . . . [Reaching the merits of the challenge to the pending charges] would be an unjustifiable interference with [the demanding states'] judicial enforcement of their criminal laws. On the contrary, as this case is jurisdictionally presented, the District Court reached the outer limits of its power to coax prompt state resolution of the charges.

507 F.2d at 357. Relying on *Wingo*, the Fourth Circuit held that the appropriate forum to challenge the merits of pending charges was in the states where those charges had been brought. *Norris*, 522 F.2d at 1013. Otherwise, the North

Carolina court "would be unable to enforce its decree . . . [for] want of In personam jurisdiction." *Id.* at 1014.

Moreover, the Eighth Circuit has adopted the reasoning of *Norris*. In *Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979), an inmate challenged his Texas conviction while in Arkansas under the custody of the United States Marshal's Service in the United States District Court for the Eastern District of Arkansas. He named the Texas district attorney along with the then-Attorney General of Texas as respondents. *Id.* The district court dismissed for lack of jurisdiction. *Id.* The Eighth Circuit affirmed. They stated, "[i]n the present case, [petitioner] is challenging his Texas conviction. The Texas officials responsible for his confinement pursuant to that conviction, therefore, are the custodians over whom the Arkansas court must have jurisdiction. Since the court lacked jurisdiction over them, its dismissal was proper." *Id.* That is the case here.

The petitioner in *Rheuark* attempted to avoid this dismissal by engaging in a series of legal fictions which the court found no support for. *Id.* at 306. In particular, the court dismissed arguments that the custodian's control over the petitioner was predicated on the legality of the conviction and that the marshal accepted the responsibility of defending the Texas conviction. *Id.* Neither argument convinced the court. *Id.* Most importantly though, was the dismissal of the petitioner's contention, relying on *Braden*, that the marshal was an agent of Texas and that his presence within the geographic boundaries of the Eastern District of Arkansas conferred the district court with personal jurisdiction over the Texas custodians. *Id.* The Eighth Circuit, however, adopted the reasoning

of *Norris* and found that no personal jurisdiction was present. *Id.* This case is virtually indistinguishable, and the result should be the same.

Finally, the Supreme Court's most recent address of personal jurisdiction in the context of habeas proceedings supports the above cases and compels dismissal. In *Rumsfeld v. Padilla*, 542 U.S. 426, 444-45 (2004), the Supreme Court dispelled the notion that mere service of process was enough to subject a respondent to a foreign court's jurisdiction. *Id.* The Court, instead, held that previous "dicta did not indicate that a custodian may be served with process *outside* of the district court's territorial jurisdiction." *Id.* at 445. Rather, "*Braden* in no way authorizes district courts to employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction." *Id.* As Respondent Abbott has in no way purposefully availed himself of the territorial jurisdiction of this Court, the case must be dismissed for lack of personal jurisdiction.

II.   **Alternatively, this Court Should Transfer the Case, in the Interest of Justice, to District of Conviction.**

*Without submitting to the personal jurisdiction of this Court*, Respondent Abbott moves for a transfer of this case, in the interest of justice, to the United States District Court for the Eastern District of Texas, Tyler Division, which has personal jurisdiction over Respondent Abbott along with subject matter jurisdiction. 28 U.S.C. §§ 2241(d), 2254(a). As the Court noted in *Braden*, the forum located within the territorial boundaries of the charging state is the most

desirable forum for adjudicating the merits of a challenge to the charges.[1] 410 U.S. at 493-94. The Court recognized that the charging state was "where all the material events took place, [and] that the records and witnesses pertinent to petitioner's claim are likely to be found [there]." *Id.* Further, the Court found that the expense and risk of transporting the inmate to the charging state would be outweighed by the difficulties of transporting witnesses and documents in the event of an evidentiary hearing. *Id.* at 494. It is clear that the most convenient forum would be the Tyler Divsion within the Eastern District of Texas. Regardless of whether this Court finds jurisdiction proper in the Eastern District of Arkansas, the Court should nevertheless transfer the case to the more appropriate forum.

### III. This Court Should Permit the Undersigned[2] to Make a Special Appearance Pro Hac Vice for the Limited Purpose of Challenging Personal Jurisdiction.

*Without submitting to the personal jurisdiction of this Court*, the undersigned respectfully moves for permission to make a special appearance in this action to challenge the Court's personal jurisdiction over Respondent Abbott. Pursuant to Local Rule 83.5 of the Local Rules of the United States

---

[1] This Court is presented with a slightly different scenario. While the petitioner in *Braden* was attempting to challenge *pending* charges in a state outside of his then-present confinement, Guy is attempting to challenge a *conviction* in a state foreign to his current incarceration. To the extent that there is a difference, it is without import. Braden was attempting to invalidate pending charges while Guy attempts to overturn his conviction. Both petitioners sought a merits determination of the validity of criminal charges, they just did so at different times in the criminal proceeding.

[2] Any references to the "undersigned" refer solely to lead counsel–Matthew Ottoway–and no other attorneys located on the signature block.

District Court of Eastern District of Arkansas, the undersigned moves to waive the designation of local counsel to proceed in this cause. The undersigned is a member in good standing of the bars of the United States District Courts of Texas. The undersigned, *without waiving personal jurisdiction over Respondent Abbott*, affirms to follow the local rules of this Court and submit "to the jurisdiction of the Court in matters of discipline" only. E.D. Ark. R. 83.5.

## CONCLUSION

It is respectfully requested that the present action be dismissed as this Court has no personal jurisdiction over Respondent Abbott because he has not purposely availed himself of the Court's geographical boundaries. Alternatively, this case should be transferred, in the interest of justice, to the United States District Court for the Eastern District of Texas, Tyler Division, which has jurisdiction over the subject matter and parties.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

ERIC J.R. NICHOLS
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Postconviction Litigation Division

|  |  |
|---|---|
|  | /s/ Matthew Ottoway |
|  | MATTHEW OTTOWAY* |
| *Lead Counsel | Assistant Attorney General |
|  | Texas State Bar No. 24047707 |

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-1400
Facsimile: (512) 936-1280
Email: Matthew.Ottoway@oag.state.tx.us

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading was served by placing same in the United States mail, postage prepaid, on this the 15th day of May, 2009, addressed to:

Bennie David Guy
ADC No. 072720
Ouachita River Unit
P.O. Box 1630
Malvern, Arkansas 77406

Larry Norris
Director, Arkansas Department of Correction
ADC Central Office
6814 Princeton Pike
P.O. Box 8707
Pine Bluff, Arkansas 71611

/s/ Matthew Ottoway
MATTHEW OTTOWAY
Assistant Attorney General