IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BENNIE DAVID GUY                                                                PETITIONER
ADC #72720

V.                              NO. 5:09cv00109 WRW-JWC

LARRY NORRIS, Director,                                                         RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Bennie David Guy, an Arkansas Department of Correction (ADC) inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2). He challenges a 1996 conviction arising out of Gregg County, Texas, which he says was enhanced by an Arkansas state conviction that recently has been overturned. Respondents are ADC Director Larry Norris and Greg Abbott, the Attorney General of the State of Texas.

Respondent Norris concedes that Petitioner is in his custody pursuant to a different, still-valid Arkansas conviction, with a discharge date in 2035, but does not take a position with respect to the validity of the actions of the State of Texas or Gregg County (doc. 11). Respondent Abbott has moved to dismiss the petition for lack of personal jurisdiction or, alternatively, to transfer the case to the United States District Court for the Eastern District of Texas, Tyler Division (doc. 12). Petitioner opposes transfer of his case to the Texas courts because the petition is filed in the district where he resides and because he feels he "would have a 50-50 chance here in a neutral court" (doc. 18). Petitioner has also filed

a motion to prevent officials from extraditing him to Texas (doc. 10), to which Respondents responded at the direction of the Court (docs. 13, 16, 20).

I.
Background

The relevant background facts are undisputed.

Following entry of a guilty plea in July 1996 in the 124th Judicial District Court of Gregg County, Texas (Case No. 23-613-B), Petitioner was convicted of sexual assault and was sentenced to forty years of imprisonment (*see* doc. 2, at 1, 29, 31).

Shortly thereafter, in August 1996 in the Circuit Court of Crittenden County, Arkansas (Case No. CR-95-632), Petitioner entered a negotiated guilty plea to a charge of rape, and he was sentenced to 600 months of imprisonment, with 120 months of that suspended (doc. 2, at 18-19).  The judgment of conviction provided that the Crittenden County sentence was to run concurrently with the forty-year sentence received in the Gregg County, Texas case, and that Petitioner was "to be returned to State of Texas to serve [the] sentence imposed" by the Texas court (*id.* at 19).  The transcript of his Crittenden County plea hearing shows that this was the state's recommendation, which the court accepted (doc. 10, at 5-9).  At the close of the plea hearing, the judge stated that Petitioner was being remanded to the custody of the sheriff for transportation to the ADC "and then transferred to the state of Texas" (doc. 10, at 9).

Also in August 1996, Petitioner pleaded guilty in the Circuit Court of St. Francis County, Arkansas to a charge of attempted rape, and he was sentenced to a thirty-year

imprisonment term (*see* doc. 2, at 3).[1]  On February 28, 2008, the St. Francis County Circuit Court entered an order setting aside the attempted rape conviction, placing the case back on the active docket.  On March 2, 2009, the circuit court dismissed the case as more than a year had lapsed without the charge being brought to trial.  *State v. Guy*, No. CR-1996-5 (St. Francis County Cir. Ct. Mar. 2, 2009) (doc. 2, at 3, 20).

Petitioner states that, in 1997, ADC officials told him they had contacted Texas authorities, that he would be doing his Texas time in Arkansas, and that when he made parole on his Arkansas conviction he would also be paroled by Texas (doc. 19, at 2).

On May 28, 2009, Petitioner had a "transfer board hearing" before the Arkansas Parole Board (doc. 21, at 5).  According to the "Record of Release Consideration," the Board ordered the following action: "Transfer To [Department of Community Correction] Supervision" and "Parole To Det[ainer] Only."  The Board set several conditions of release and stated that any release was subject to approval of a suitable plan.

In this federal habeas petition and supporting filings (docs. 2, 17), Petitioner asks the Court to dismiss the Gregg County, Texas case and "release" him from that conviction for the following reasons:

> 1.  The State of Texas violated his Eighth Amendment rights "by due process and abandonment" in using both the Crittenden County and St. Francis County charges to enhance his Texas sentence as an habitual offender when neither had yet been brought to trial, in bringing him to Arkansas for trial on the Arkansas charges and then "abandoning" him, in basing his sentence on the now-vacated St. Francis County conviction, and in never giving him a DNA test to prove his innocence;

---

[1] Petitioner's 28 U.S.C. § 2254 petition challenging the Crittenden and St. Francis County convictions was dismissed as untimely.  *Guy v. Norris*, No. 5:03cv00466-JMM (E.D. Ark. Jan. 5, 2006), *appeal dismissed*, No. 06-1894 (8th Cir. Apr. 12, 2006).

      2.      Officials in Gregg County, Texas, threatened him with a sentence of ninety-nine years if he did not plead guilty to the sexual assault charge and told him he would serve only forty months in a Texas prison if he pleaded guilty; and

      3.      His Fourteenth Amendment rights were violated when the State of Texas tried him "230 days late" on the Texas charge.

## II.
## Transfer of Case

District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). This means "that the court issuing the writ [must] have jurisdiction over the [petitioner's] custodian." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973); *see Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). If another state has lodged a detainer with the petitioner's current custodian, then a federal habeas court in the district of confinement has jurisdiction to consider a petition challenging the validity of that detainer. *Braden*, 410 U.S. at 499 & n.15; *Parette v. Lockhart*, 927 F.3d 366, 366 (8th Cir. 1991); *see Fex v. Michigan*, 507 U.S. 43, 44 (1993) (a detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent"). The state holding the prisoner in immediate confinement acts as agent for the demanding state. *Braden*, 410 U.S. at 498-99.

Petitioner states that he is attacking a detainer from Texas regarding the challenged Texas conviction (doc. 18, at 1-2). Although Respondent Norris says the ADC "has no record of [Petitioner's] Texas conviction" (doc. 11, at 1), the ADC website shows that there is an existing detainer dated July 23, 1996, for "40 yrs. sex. assault." The Arkansas parole board record states "Parole to Det[ainer] Only" (doc. 21, at 5). Respondent Abbott

concedes that a detainer "arises from [Petitioner's] presumptively valid Texas conviction," that Arkansas officials have granted Petitioner "administrative release on parole," that his release from Arkansas custody is "now imminent," and that "attempts to extradite [him] will begin immediately" (doc. 23).

Accordingly, this Court has jurisdiction to consider the validity of any detainer against Petitioner arising out of his Texas conviction. This does not mean, however, that this Court can consider the legality of the underlying out-of-state conviction, separately from the validity of the detainer. *See Rheuark v. Wade*, 608 F.2d 304, 305-06 (8th Cir. 1979); *Norris v. Georgia*, 522 F.2d 1006, 1012-13 (4th Cir. 1975); *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974).

Title 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In *Braden*, the Supreme Court observed that, ordinarily, the federal district court in the district of confinement will not prove as convenient as the appropriate district court in the state which has lodged a contested detainer, and that transfer under § 1404(a) may be warranted. *Braden*, 410 U.S. at 493-94, 499-500 & n.15; *see also Parette*, 927 F.2d at 366 n.2 (Arkansas district court in district of confinement can transfer habeas petition challenging Louisiana detainer to Louisiana district court on *forum non conveniens* grounds).

Here, the interests of justice would best be served by transferring this case to the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. § 1404(a). Petitioner's habeas claims target the validity of the conviction and sentence arising out of Gregg County, Texas, which is in the Eastern District of Texas. It is in Texas where most of the

material events underlying Petitioner's claims took place, where the officials who issued the contested detainer reside, and where documents, court records, and witnesses related to Petitioner's claims can be found.[2]

Accordingly, the Court recommends that the case be transferred immediately to the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson Street, Tyler, Texas 75702.

### III.
### Extradition[3]

As stated, Petitioner recently has been granted administrative release on parole to the Texas detainer, and attempts to extradite him are apparently underway. He asks this Court to prevent his extradition (docs. 10, 18, 21, 22) because Texas never gave him a DNA test that could prove his innocence, as was done in his Arkansas cases, and because Texas officials knew where he was and never came to get him ("abandoned" him) and should not be allowed to do so now.

He admits that he signed "extradition papers" in 2003 and 2008 volunteering to go back to Texas if he violated any parole granted by Texas officials, but never agreed to

---

[2] A prisoner must exhaust all available state-court remedies before filing a federal habeas petition attacking a detainer, *Braden*, 410 U.S. at 489-90; *Parette*, 927 F.2d at 366-67; or before challenging the validity of a state-court conviction, *see* 28 U.S.C. § 2254(b) & (c). The record is clear that Petitioner has not met this requirement in the Arkansas state courts regarding any detainer, but the exhaustion issue remains for resolution by the Texas district court as to Texas remedies regarding a detainer or the continuing validity of the Texas conviction and sentence.

[3] The Court recognizes that Petitioner has not been granted leave to amend his petition to raise any extradition issues. However, as these events are rapidly developing, are related to his initial claims, and have been addressed by all parties, it would be in the interest of judicial economy to address them now.

extradition to Texas in general (doc. 10, at 3-4; doc. 19). He says parole was never granted by Texas, so his agreements never went into effect. He also submits an undated "waiver of extradition," which he says he signed in 1996 (doc. 22, at 8). The document states that he agreed to voluntarily return to Texas "for the purpose of answering the charge of sexual assault" there pending against [him]." Respondents do not appear to be relying on either of these documents, with Respondent Abbott instead stating that, "[s]hould Guy fail to waive his extradition to Texas, legal proceedings will be initiated to effectuate his transfer" and that "attempts to extradite Guy will begin immediately" (doc. 23, at 2-3).

On June 15, 2009, Petitioner filed an "emergency motion for help" (doc. 24), asserting that ADC officials are pressuring him to sign papers waiving extradition to Texas and have placed him "in the hole" until he does. He says he believes they will either force him to sign the papers or kill him if he refuses.

Federal habeas review of extradition issues is available only after exhausting state court remedies. *Brown v. Nutsch*, 619 F.2d 758, 763 (8th Cir. 1980) (petitioner can challenge confinement by holding state's authorities through federal habeas writ after exhaustion of remedies in state courts of holding state); *see* 28 U.S.C. § 2254(b) & (c) (federal habeas petitioner is required to exhaust all available avenues of relief in the state courts before the federal courts will consider a claim). Respondents have not expressly waived the exhaustion requirement, *see id.* § 2254(b)(3), and there is no indication that Petitioner has challenged the actions of Arkansas officials regarding extradition in any Arkansas state court.

Moreover, when a person seeks to challenge his proposed extradition in a federal habeas action brought in a federal court in the state of confinement, the issues open for review are "extremely limited." *State ex rel. Bailey v. Shepard*, 584 F.2d 858, 860-61 (8th Cir. 1978). The federal writ is available only to test the legality of the holding state's determinations as to: (a) whether the extradition documents on their face are in order; (b) whether the prisoner has been charged with a crime in the demanding state; (c) whether the prisoner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. *Brown*, 619 F.2d at 763 (citing *Michigan v. Doran*, 439 U.S. 282, 289 (1978)). A prisoner also has the right, enforceable through the writ of habeas corpus in the holding state, "to require that a neutral judicial officer of the demanding state has made a determination of reasonable grounds or probable cause that he has committed an offense." *Id.* However, it is for the courts of the demanding state to determine the validity of the charges for which prisoner is facing extradition. *California v. Superior Court of California, San Bernardino County*, 482 U.S. 400, 408-12 (1987).

Here, Petitioner's claims focus on the validity of his Texas conviction and sentence, rather than the validity of the extradition process. No official extradition documents have been submitted, nor is there any indication that an extradition determination has been made by the appropriate Arkansas authorities; therefore, at this point there is nothing for the Court to review. Petitioner's conviction by the courts of Texas provides a reasonable basis for demonstrating that he committed a criminal offense in that state, and he does not dispute that he was the person convicted of the offense. He is a fugitive, within the meaning of the extradition laws, in that he is now in Arkansas when the Texas sentence remains to be served. *See Appleyard v. Massachusetts*, 203 U.S. 222, 229 (1906) (a

9

person is a fugitive when he commits a crime while in the demanding state, and thereafter leaves that state and can be found within the territory of another).

Furthermore, the law is clear Petitioner has no federal constitutional right to be incarcerated in any particular prison in any particular state. *Olim v. Wakinekona*, 461 U.S. 238, 245, 247 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State. ... [I]t is neither unreasonable nor unusual for an inmate ... to be transferred to an out-of-state prison after serving a portion of his sentence in his home State."); *Meachum v. Fano*, 427 U.S. 215, 224, 228 (1976).

Petitioner's reliance on the Interstate Agreement on Detainers (IAD) is also unavailing as its language refers only to individuals awaiting trial in another state on outstanding charges, rather than to those who already have been convicted by an out-of-state court. *See* Ark. Code Ann. § 16-95-101 (Repl. 2006); Tex. Code Crim. Proc. Ann., art. 51.14 (West 2009); *Carchman v. Nash*, 473 U.S. 716, 725 (1985) (IAD language refers to untried criminal charges pending against a prisoner and does not include criminal offenses for which prisoner was already tried and convicted).

The record thus fails to establish a violation of Petitioner's constitutional rights in connection with his anticipated extradition or present any issues within the limited scope of federal habeas review. Furthermore, as his federal habeas case is being transferred to the Eastern District of Texas, it would be to his benefit to be incarcerated there while challenging his Texas conviction, as he would have access to Texas legal materials, the Texas court system, and Texas legal counsel.

Additionally, Petitioner's claims of threats of force or improper segregation – while alarming – are not appropriate for federal habeas review. *Khaimov v. Crist*, 297 F.3d 783, 785-86 (8th Cir. 2002) (finding that habeas petitioner's complaints regarding prison mail and segregation were improperly brought under habeas statute and must instead be brought in an administrative grievance or a 42 U.S.C. § 1983 action); *see Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994) (prisoner's action challenging validity or length of confinement must be brought in habeas, but challenge to conditions of confinement should be brought under § 1983 so long as the relief sought does not have the effect of invalidating the underlying conviction).

## IV.
## Conclusion

In accordance with the above, it is recommended:

1.      That Respondent Abbott's motion to dismiss (doc. 12) should be **denied**, and his motion to transfer case (doc. 12) should be **granted**;

2.      That this 28 U.S.C. § 2254 habeas corpus action should be transferred immediately to the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson Street, Tyler, Texas 75702.

3.      That Petitioner's motion to stop extradition to Texas (doc. 10) should be **denied** without prejudice to any actions brought in the state courts of Arkansas or Texas;

4.      That Petitioner's emergency motion for help (doc. 24) should be **denied** without prejudice to presentation in a 42 U.S.C. § 1983 complaint;

5.  That Petitioner's renewed requests for counsel (doc. 21, at 3-4; doc. 18, at 9) should be **denied** without prejudice to renewal in the Texas courts;

6.  That Petitioner's motion to add Respondent Abbott (doc. 9) should be **denied** as duplicative;[4]

7.  That Respondent Abbott's motion for leave to appear *pro hac vice* (doc. 12) should be **granted**; and

8.  That Petitioner's motion to dismiss Gregg County, Texas Case No. 23-613-B (doc. 15) due to Respondent Abbott's alleged failure to file a timely response to one of the Court's orders should be **denied**.

DATED this 17th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] By previous order (doc. 7), the Court granted Petitioner's earlier motion to add Respondent Abbott (doc. 5).  *See* Rules Governing § 2254 Cases in United States District Courts, Rule 2(b) (§ 2254 petition contesting state-court judgment which may subject petitioner to future custody must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered).